UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LESSIE,<br><br>            Plaintiff,<br><br>    v.<br><br>MARIO LOZANO, *Correctional Officer at Kern Valley State Prison*,<br><br>            Defendant. | No. 1:19-cv-01637-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 10) |

      Plaintiff Tony Lessie is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 6, 2020, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's lack of standing.  (Doc. No. 10.) The magistrate judge concluded that plaintiff did not assert any violation of his own rights in his complaint, but, rather, alleged that the constitutional rights of his wife had been violated while attempting to visit him, despite not alleging facts sufficient to make the requisite showing for third-party standing.  (*Id.* at 2–3.)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days of service.  (*Id.*)  On April 1, 2020, plaintiff filed timely objections.  (Doc. No. 11.)

In his objections, plaintiff contends that "a habeas petitioner may demonstrate standing as a 'next friend' of the real party in interest." (*Id.* at 1 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 160–62 (1990)).)[1] However, a petitioner seeking standing as a "next friend" must, among other things, demonstrate that the real party in interest cannot appear on its own behalf to prosecute the action. *See Whitmore*, 495 U.S. at 163–64. Here, plaintiff failed to respond to the magistrate judge's finding that he failed to "show any hindrance to his wife's ability to prosecute her own lawsuit." (Doc. No. 10 at 3.) Simply being married does not automatically entitle a spouse to "next friend" standing. *See, e.g.*, *DiPietro v. Senula*, No. 1:12-cv-0189-NLH, 2012 WL 136812, at *2 (D.N.J. Jan. 18, 2012) (holding that a wife does not have standing in her own right to file a habeas petition for her husband) (citing *Amato v. Wilentz*, 952 F.2d 742, 751 (3d Cir. 1991) and *Whitmore*, 495 U.S. at 163–64).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations filed on March 6, 2020 (Doc. No. 10) are adopted in full;
2. This action is dismissed without prejudice due to plaintiff's lack of standing to prosecute this action on behalf of his spouse; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 28, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] As noted, plaintiff has filed this civil rights action under 42 U.S.C. § 1983 and does not seek federal habeas relief.